Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

**SEALED BY ORDER OF THE COURT**

United States District Court

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 03 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

U.S.A. vs. DANE P. KANESHINA          Docket No. CR 04-00194HG-01

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

COMES NOW JOANN S. HAMAJI, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Dane P. Kaneshina who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 28th day of October 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant may change his residence only with the advance approval of the Probation Office.

2. The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include the plethysmograph, polygraph, and other types of testing, as approved by the Probation Office.

3. The defendant shall not have any type of contact (including written materials, communication devices, audio and visual devices, visits, or through a third party), with children under the age of 18 or the victim(s), except in the presence of an adult who is aware of the nature of the defendant's offense and who has been approved by the Probation Office.

4. That the defendant shall not view, purchase, possess, or distribute any form of child pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(8), unless approved for treatment purposes, or frequent any place where such material is available.

5. That the defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product for sale or entertainment is available.



SEALED
BY ORDER OF THE COURT

6. The defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. The defendant shall also submit to periodic unannounced examinations of his computer and computer accessories as well as provide access to his internet service provider account records, as directed by the Probation Office (include this condition if a computer was involved in the commission of the offense). Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Judgment attached) as follows:

1. The subject admitted to having associated with felons, in violation of Standard Condition No. 9.

2. The subject admitted that he possessed and viewed adult and child pornography, in violation of Special Condition No. 5.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 6/2/2008

JOANN S. HAMAJI
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 2nd day of June, 2008, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Court Judge

Re:    **KANESHINA, Dane P.**
**Criminal No. CR 04-00194HG-01**
**REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject pled guilty to a single-Count Information charging him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4), a Class C felony. On 10/28/2004, Your Honor sentenced the subject to 37 months imprisonment to be followed by 3 years of supervised release with the special conditions noted in the petition. The subject's supervision commenced on 9/7/2007.

On 9/20/2007, the subject was processed for supervised release on the island of Maui. At that time, the terms and conditions of supervision were read, reviewed, and explained by this officer. The subject acknowledged that he understood the conditions of supervision.

Since his release, the subject has been residing at his parent's residence located in Pukalani, Maui, and has been employed at The Dunes at Mauilani Golf Course as a pesticide applicator.

As background information, on 10/31/2007, the subject underwent his first polygraph examination as part of his sex offender treatment regimen. The results of the examination revealed no deception. Prior to taking the polygraph examination, the subject was required to answer pre-test questions. It should be noted that when processed by this officer for supervised release, the subject did not disclose that he had engaged in any direct sexual contact with minors. In his pre-test admissions, the subject revealed that he had engaged in behaviors that exceeded the conduct charged in the single-Count Information. Specifically, the subject admitted that when he was an adolescent, he had sexual contact with 2 of his minor male relatives and one of their male friends by fondling their penises while they slept. Additionally, the subject admitted to having sexual contact by performing fellatio on a male neighbor who was one year old at the time of the incident. The subject did not identify any of the minors by name.

The subject further admitted that as an adult, he had sexual contact with his minor male relatives by "accidentally" touching their penis while they wrestled and performing fellatio on them while they slept. Additionally, the subject admitted to having sexual contact with numerous young boys and some girls between the ages of 11 and 14 years by having them sit on his lap so he could move their buttocks around to stimulate his penis. He also admitted that he performed fellatio on the young boys. Further, the subject admitted that while employed as a Department of Education teacher, he had sexual contact with approximately 30 boys between the ages of 11 and 14 by fondling their penises while they slept. He reported that the sexual contact had occurred during school-sponsored events and sleep overs. The subject did not identify any of the minors by name.

Re:   **KANESHINA, Dane P.**
      **Criminal No. CR 04-00194HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

On 4/30/2008, the subject participated in his second polygraph examination. During the pre-test phase, the subject responded to pre-test questions and provided information that included admissions involving noncompliant behavior. Specifically, the subject acknowledged that he associated with felons and viewed material depicting adult and child pornography. In addition, the subject advised that on multiple occasions he had followed minor males into public restrooms for the purpose of viewing their penises while they urinated.

The polygraph examination indicated no deception. However, upon reviewing the results of the examination, this officer immediately contacted the subject's therapist to discuss his treatment progress. The therapist confirmed that the subject had been attending counseling but described his overall participation as fair. In this regard, the therapist noted that in the progress report for the period October to December 2007, it was observed that the subject tended to minimize the extent of his activities and represented that he had not disclosed the full extent of his prior behavior to his fiancee or family members. In addition, the subject had advised that he was not going to disclose his homosexual tendencies to his fiancee and believed he could "successfully suppress his attraction to adolescent males." In the progress report for the period January to March 2008, it was noted that the subject was participating in the treatment sessions but mostly focused on superficial issues and avoided disclosing "anything about his true thoughts and feelings, particularly as related to his sexual orientation and his offense." In addition, the report noted that the subject tended to think that "minimizing and keeping the details of his offense secret is acceptable behavior."

Based upon the results of the polygraph examination, contact with the therapist and a review of the progress reports, this officer interviewed the subject to discuss the seriousness of his disclosures. The interview determined that the subject committed the following violations:

**Violation No. 1 - The subject admitted to having associated with felons, in violation of Standard Condition No. 9:** When interviewed, the subject was questioned about his disclosure that he had associated with felons. The subject acknowledged that he had violated his supervision conditions by having contact with two different felons. First, the subject admitted that subsequent to the commencement of supervised release, he had engaged in multiple telephone conversations with an inmate he had befriended at Federal Correctional Institution (FCI) Taft, California. The subject advised that the inmate was imprisoned for a similar offense and was currently under supervised release at an undisclosed location on the mainland. The subject acknowledged that he had engaged in a sexual relationship with the inmate while incarcerated. The subject refused to disclose the identity of the inmate or his location.

Re:   **KANESHINA, Dane P.**
      **Criminal No. CR 04-00194HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

The second prohibited association involved contact with the subject's former cell mate. The subject identified his cell mate as Victor Morrill. According to Bureau of Prisons information, Morrill is incarcerated at FCI Taft with a release date of 9/16/2014. The subject admitted that he sent Morrill a birthday card containing money on one occasion. He denied having a sexual relationship with Morrill. The subject acknowledged that having any contact with other felons was a violation of supervised release.

**Violation No. 2: The subject admitted that he possessed and viewed adult and child pornography, in violation of Special Condition No. 5:** On 5/14/2008, the subject was questioned regarding his disclosure that he had possessed and viewed adult and child pornography since the commencement of supervised release. The subject admitted that he viewed adult pornography at Border's bookstore in Maui. He explained that he viewed the contents but did not purchase the magazine. He acknowledged that he did not view the adult pornography contained in the magazine as part of his treatment regimen. The subject advised that this occurred on one occasion.

With respect to the child pornography, the subject stated that he found a computer disk at his residence that had not been seized by investigators. The subject admitted that the disk contained images of child pornography which he viewed before destroying it. It should be noted that the subject had self-reported this violation to this officer on a prior occasion. The subject was verbally reprimanded but no action was taken at that time because the subject was participating in treatment.

In addition to the behavior being charged as violations, the subject was questioned about his disclosure regarding the minor males. The subject admitted that on approximately 10 occasions, he followed minor males to public restrooms at a local shopping mall. He acknowledged that he did this for the purpose of observing their penises while they urinated. The subject denied having contact with any of the minor males. In this regard, when confronted about the seriousness of his behavior, the subject responded by advising this officer that "it's not like I had any contact with them." In an effort to monitor his activities, this officer instructed the subject to maintain a daily activity log to determine the frequency of his visits to the mall. The subject questioned the significance of the instruction by responding, "You know I can lie about my activities."

When reprimanded for engaging in this activity, the subject informed this officer that his conduct would not have been detected if he had not made the disclosures as part of the polygraph examination. Further, he advised that being held accountable for statements made during a polygraph examination constituted a violation of his 5th Amendment rights, and he could not be held responsible for self-incriminating statements. This officer informed the subject that his participation in the polygraph examinations was a special condition of supervised release, and he was required to fully comply with the condition.

Re:    **KANESHINA, Dane P.**
**Criminal No. CR 04-00194HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

In considering the limited extent of the subject's participation in treatment, his admitted violations involving prohibited conduct and recent disclosure regarding his activities involving minor males, it is concluded that he poses an unacceptable danger to the community. In this regard, the subject's disregard for his supervision conditions and continued minimization of his conduct indicate he will not benefit from further treatment at this time. For these reasons, it is recommended that the Court issue a No Bail Warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

_____
JOANN S. HAMAJI
U.S. Probation Officer

Approved by:

_____
PETER D. YOSHIHARA
Supervising U.S. Probation Officer

JSH/ct

Re: **KANESHINA, Dane P.**
**Criminal No. CR 04-00194HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 5**

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

**ORIGINAL**

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

NOV 0 4 2004

at ___ o'clock and 25 min. ___ M
WALTER A.Y.H. CHINN, CLERK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| DANE P. KANESHINA | Case Number: 1:04CR00194-001 |
| | USM Number: 95233-022 |
| | Philip H. Lowenthal, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✓] pleaded guilty to count(s): **1 of the Information** .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:U.S.C. § 2252 (a) (4) | Possession of child pornography | 01/30/2004 | 1 |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 28, 2004
Date of Imposition of Judgment

/s/ Helen Gillmor
Signature of Judicial Officer

**HELEN GILLMOR**, United States District Judge
Name & Title of Judicial Officer

11-4-04
Date

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii
by Deputy

AO 245B (Rev. 12/03) Sheet 2 - Imprisonm

CASE NUMBER:     1:04CR00194-001
DEFENDANT:       DANE P. KANESHINA

Judgment - Page 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 37 MONTHS.

[✔]   The court makes the following recommendations to the Bureau of Prisons:
      1. Receive treatment to gain control over his sexual behavior.
      2. Education as to what are appropriate behavioral interactions in our society including sexual behavior, anger management and the difference between non-assertive, assertive and aggressive behavior.

[ ]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[✔]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [✔] before 2:00 P.M. on 12/09/2004.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____ to _____
at _____, with a certified copy of this judgment.


                                                              _____
                                                              UNITED STATES MARSHAL

                                                       By     _____
                                                              Deputy U.S. Marshal

CASE NUMBER:    1:04CR00194-001
DEFENDANT:    DANE P. KANESHINA

Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, as determined by the court.

[✓]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✓]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[✓]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER:      1:04CR00194-001                                                      Judgment - Page 4 of 6
DEFENDANT:        DANE P. KANESHINA

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant may change his residence only with the advance approval of the Probation Office.

2. The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include the plethysmograph, polygraph, and other types of testing, as approved by the Probation Office.

3. The defendant shall not have any type of contact (including written materials, exchange of correspondence, communication devices, audio and visual devices, visits, or through a third party), with children under the age of 18 or victims, except in the presence of a adult who is aware of the nature of the defendant's offense and who has been approved by the Probation office.

4. The defendant shall not view, purchase, possess or distribute any form of child pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(8), unless approved for treatment purposes, or frequent any place where such material is available.

5. The defendant shall not view, purchase, possess or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product for sale or entertainment is available.

6. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall also submit to periodic unannounced examinations of his computer and computer accessories as well as provide access to his internet service provider account records, as directed by the Probation Office. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**ACKNOWLEDGMENT OF CONDITIONS**
I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant                                       Date  9/20/07

United States Probation Officer                 Date  9/20/07

CASE NUMBER:      1:04CR00194-001                                               Judgment - Page 5 of 6
DEFENDANT:        DANE P. KANESHINA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | Assessment | Fine | Restitution |
|------------|------------|------|-------------|
| Totals:    | $ 100.00   | $    | $           |

[ ] The determination of restitution is deferred until      . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |

**TOTALS**                $ __                              $ __

[ ] Restitution amount ordered pursuant to plea agreement   $ __

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]    the interest requirement is waived for the      [ ] fine     [ ] restitution

    [ ]    the interest requirement for the    [ ] fine     [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CASE NUMBER:     1:04CR00194-001                                        Judgment - Page 6 of 6
DEFENDANT:       DANE P. KANESHINA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [✓]   Lump sum payment of $ 100.00 due immediately, balance due
         [ ]    not later than _ , or
         [ ]    in accordance    [ ] C,    [ ] D,    [ ] E, or   [ ] F below, or

B  [ ]   Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or   [ ] F below); or

C  [ ]   Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D  [ ]   Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E  [ ]   Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.


[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.