PHILIP H. LOWENTHAL      945
33 N. Market Street, Suite 101
Wailuku, Maui, Hawai'i  96793
Telephone: 242-5000 (HNL 545-5688)
phl@maui.net

Attorney for Defendant
DANE P. KANESHINA

IN THE UNITED STATES DISTRICT CIRCUIT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No.04-00194 HG-01 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MEMORANDUM IN |
| | ) | OPPOSITION TO REVOCATION OF |
| vs. | ) | SUPERVISED RELEASE; CERTIFICATE |
| | ) | OF SERVICE |
| DANE P. KANESHINA, | ) | |
| | ) | |
| | ) | Hearing Date:  June 27, 2008 |
| Defendant. | ) | Time:    2:15 p.m. |
| _____ | ) | Judge:   Helen Gillmor |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
REVOCATION OF SUPERVISED RELEASE

The Fifth Amendment to the U.S. Constitution expressly states that no

person "shall be compelled in any criminal case to be a witness against himself, nor

be deprived of life, liberty, or property without due process of law[.]"  These rights are

still applicable when the Court initiates proceedings to revoke supervised release.

United States v. Leonard, 483 F.3d 635, 638 (9th Cir. 2007) (violations of supervised

release, "the close kin of probation" and thus are treated identically for constitutional

analyses); United States v. Hall, 419 F.3d 980, 985 n. 4 (9th Cir. 2005) ("Parole,

probation, and supervised release hearings are constitutionally indistinguishable and

are analyzed in the same manner."); <u>United States v. Weber</u>, 451 F.3d 552, 568 n. 17

(9th Cir. 2006) (defendant retains Fifth Amendment rights when district court orders

polygraph examinations as condition of supervised release) (citing <u>United States v.</u>

<u>Antelope</u>, 395 F.3d 1128 (9th Cir. 2005)).

   The use of a defendant's coerced or involuntary statements violate rights

guaranteed by the Fifth Amendment.  <u>United States v. Segal</u>, 549 F.2d 1293, 1299

(9th Cir. 1977) ("it would be a due process violation to use unreliable, coerced

admissions.") (citing <u>Spano v. New York</u>, 360 U.S. 315, 79 S.Ct. 1202 (1959)).  "Both

physical and psychological pressure can lead to involuntary confessions." <u>United</u>

<u>States v. Miller</u>, 984 F.2d 1028, 1030 (9th Cir. 1993) (citing <u>Blackburn v. Alabama</u>, 361

U.S. 199, 206, 80 S.Ct. 274, 280 (1960)).  "While a confession accompanied by

physical violence is <u>per</u> <u>se</u> involuntary, psychological coercion provokes no <u>per</u> <u>se</u>

rule." <u>Id.</u> (citations omitted.).  A statement is the product of coercion or is involuntary

when, under the totality of the circumstances, the government, including the Court,

obtains the statement by physical or psychological coercion or by improper

inducement so that the person's will is overcome.  <u>Beaty v. Schriro</u>, 509 F.3d 994, 999

(9th Cir. 2007) (quoting <u>United States v. Leon Gurrero</u>, 847 F.2d 1363, 1365 (9th Cir.

1988)).

   The totality of the circumstances surrounding Respondent's statements

given in the course of a court-mandated polygraph examination will demonstrate that

the statements are the product of coercion and are involuntary.  Without these

involuntary statements and fruit there is no basis to support revocation.  <u>See</u> <u>United</u>

States v. Stoterau, 524 F.3d 988, 1004 (9th Cir. 2008) (when, during polygraph examination pursuant to terms and conditions of supervised release, defendant receives questions calling for incriminating answers, defendant may invoke Fifth Amendment rights; "[s]hould the government desire [defendant] to answer, it may afford his answers the protection of use and derivative use immunity.").

Moreover, the process in which the statements are being used is in violation of the Due Process Clause. The Supreme Court of the United States recognized that Due Process violations arise when the adjudicative function of a tribunal fuses with its investigation.

> The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a much more difficult burden of persuasion to carry. It must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individual poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.

Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456 (1975).

These proceedings were investigated and initiated by the Court's Probation Department. This procedure unconstitutionally fuses the District Court's adjudicative role with its investigative and prosecutorial role. Due process does not countenance courts as tribunals that bring forth an action and then decide its outcome.

The "request" submitted by the Probation Office alleged two specific violations: looking at pornography at Borders Bookstore and communicating with a

convicted felon.  In the statement of facts, however, the "request" reported

Respondent's statements were far beyond the grounds for the specified violations and

highly likely to inflame anyone.  It is difficult to imagine that the Court as finder of fact

to revoke Defendant's supervised release can remain dispassionate.  The use of the

coerced statements in the "request" have created "an unconstitutional risk of bias."  Id.

The situation was exacerbated by the misleading nature of the initial "request" that

incorrectly and inaccurately characterized Respondent's response to treatment.  Due

Process is implicated where treatment is required but good faith participation in

treatment leads to punishment.

DATED:  Wailuku, Hawai'i, June 19, 2008.


/s/ Philip H. Lowenthal
PHILIP H. LOWENTHAL
Attorney for Defendant
DANE P. KANESHINA

<u>CERTIFICATE</u> <u>OF</u> <u>SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing document was duly served on

the following, via United States Mail and via email, postage-prepaid on today's date:

> LAWRENCE L. TONG
> Assistant U.S. Attorney
> 300 Ala Moana Blvd., Room 6100
> P.O. BOX 50183, PJKK Federal Building
> Honolulu, Hawai'i  96850
>
> Attorney for Plaintiff
> UNITED STATES OF AMERICA
>
>
> PETER Y. YOSHIHARA
> Supervising U.S. Probation Officer
> 300 Ala Moana Blvd., Room C-110
> Honolulu, Hawai'i 96850

DATED:  Wailuku, Hawaii, June 19, 2008.


> /s/ Philip H. Lowenthal        .
> PHILIP H. LOWENTHAL
> Attorney for Defendant
> DANE P. KANESHINA