EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

TRACY A. HINO  #3202
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Tracy.Hino@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00194 HG |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| vs. | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | REVOCATION OF SUPERVISED |
| DANE P. KANESHINA, | ) | RELEASE; CERTIFICATE OF |
| | ) | SERVICE |
| Defendant. | ) | |
| | ) | DATE: June 27, 2008 |
| | ) | TIME: 2:30 p.m. |
| | ) | JUDGE: Helen Gillmor |
| | ) |        U.S. District Judge |

**GOVERNMENT'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MEMORANDUM IN
<u>OPPOSITION TO REVOCATION OF SUPERVISED RELEASE</u>**

I. <u>**Preliminary Statement**</u>

　　　　The thrust of the Defendant's argument is that the use of his admissions as the grounds for revocation of his supervised release violate his Fifth Amendment right against self-incrimination.  For that reason, the Defendant appears to be seeking the suppression of such statements.

As more fully set forth below, the Defendant's argument is patently frivolous because it is well-settled that questions that are put to a defendant on supervised release that are relevant to his supervisory status <u>and</u> which pose no realistic threat of incrimination for the initiation of a new criminal proceeding do not violate the Fifth Amendment.

**II.   Argument**

   **A.   In The Context Of Revocation Proceedings, Fifth Amendment Claims Are Analyzed Utilizing A Two-Prong Test.**

In order to raise a Fifth Amendment claim, the burden is upon the defendant to establish two things: 1) that the statement desired by the government carried the risk of incrimination; and 2) that the penalty the defendant faced for non-compliance amounted to compulsion. <u>See</u>, <u>e.g.</u>, <u>United States v. Antelope</u>, 395 F.3d 1128, 1134 (9th Cir. 2005).

In <u>Antelope</u>, one of the defendant's terms of probation was to participate in sex-offender treatment. As part of that treatment, the defendant was required to provide a sexual history biography and to submit to a polygraph examination in order to verify the accuracy of his sexual history. The defendant declined to participate as ordered because he feared incriminating himself and being charged with new sex-related criminal offenses. However, the defendant's failure to comply with the terms of his probation was viewed by the probation

office and the court as contumacious.  Accordingly, the defendant's probation was revoked on several occasions resulting in the imposition of jail sentences.

On appeal, the Ninth Circuit set forth a two-pronged test for analyzing the defendant's claims:

> To establish his Fifth Amendment claim, Antelope must prove two things:  (1) that the testimony desired by the government carried the risk of incrimination, see Murphy, 465 U.S. at 435 n.7, 104 S.Ct. 1136 (explaining that the state may compel answers "as long as it ... eliminates the threat of incrimination"); Minor v. United States, 396 U.S. 87, 98, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969)(rejecting a Fifth Amendment challenge because the risk of incrimination was "only imaginary and insubstantial ... rather than ... real and appreciable" (internal quotation marks omitted)), and (2) that the penalty he suffered amounted to compulsion, see Lefkowitz v. Cunningham, 431 U.S. 801, 806, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977)("[T]he touchstone of the Fifth Amendment is compulsion ...."); cf. Lile v. McKune, 224 F.3d 1175, 1179 (10th Cir. 2000)("The privilege has two components:  incrimination and compulsion."), rev'd, 536 U.S. 24, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002)(holding the state-imposed repercussions insufficiently coercive to amount to compulsion).

Id., at 1134.

    **1.   The Statement Desired By The Government Carried No Risk Of Incrimination.**

In Antelope, the court determined that the statement of the defendant desired by the government (i.e., the defendant's compelled detailed disclosure of his sexual history) carried a significant risk of self-incrimination.  In short, the danger of

3

future prosecution was not remote, unlikely, or speculative because the threat of future prosecution was "reasonably particular and apparent" and "real and appreciable." Id., at 1134-1135.

In the present case, the probation officer specifically informed the Defendant that he should couch his responses in non-specific and general terms to specifically address the issue of self-incrimination in the context of new criminal proceedings.

Further, the Defendant fails to set forth in his moving papers what statement or statements he made which potentially subject him to a *new criminal proceeding*. Instead, the Defendant appears to raise the fallacious argument that the *new criminal proceeding* is the revocation hearing itself. This argument is patently frivolous because it is axiomatic that the revocation proceeding is not a new criminal proceeding but merely a continuation of the original prosecution.

Thus, in Antelope, the defendant had to choose between self-incrimination or probation revocation for failing to participate in sex offender treatment. This is distinguishable from the present case where the Defendant has no bona-fide fear of self-incrimination (i.e., the possibility of prosecution for new criminal offenses) and the revocation proceeding is not based upon the Defendant's refusal to incriminate himself (i.e., a

revocation predicated on a refusal to participate in sex offender treatment for fear of prosecution for new criminal proceedings).

In the present case, in marked distinction, the Defendant is subject to revocation for merely violating other terms of his supervised release based upon disclosures that he made during his sexual offender treatment.

Accordingly, this case is on all fours with the issue addressed in United States v. Locke, 482 F.3d 764 (5th Cir. 2007) which noted, inter alia, that it is well-settled that a probationer has no privilege to refuse to answer a probation officer's questions merely because his answers would disclose *a violation of probation* but not subject him to *a new criminal proceeding*. Similarly, the fact that the complained of questions may have been asked in connection with a court-imposed polygraph session has no bearing whatsoever in the analysis. Id., at 767.

> Though Locke did not invoke the Fifth Amendment privilege, he argues that the mandatory polygraph testing condition created the "classic penalty situation" envisioned in Murphy in that he had no choice but to submit to the polygraph test and provide answers that incriminated him. Locke focuses on questions asked during the polygraph test that attempted to ascertain whether Locke had viewed any pornography using the Internet or otherwise since Locke began his probation. The Fifth Amendment has not been infringed, since these questions attempted to ascertain whether Locke had violated conditions of his probation, and Locke's answers could not serve as a basis for a future criminal prosecution. A probationer may only invoke the Fifth Amendment privilege if a truthful answer would incriminate the probationer by

> exposing him to prosecution for a different crime. See Murphy, 465 U.S. at 435-36 n.7, 104 S.Ct. 1136; see also United States v. Lee, 315 F.3d 206, 213 (3d Cir. 2003)("A probationer may not refuse to answer a question just because his answer would disclose a violation of probation ...."). (footnote distinguishing Antelope omitted.)
>
> The fact that the questions were asked to Locke in the context of a polygraph test does not convert the question-and-answer session into a Fifth Amendment violation. (citations omitted.)

Id., at 767-768.

In the present case, two self-incriminating statements form the grounds for the Defendant's supervised release revocation: 1) his admission to associating with felons; and 2) his admission that he viewed adult and child pornography.

With regard to the first basis for revocation, it is clear that the Defendant's admission to associating with felons cannot possibly form the basis of a new criminal prosecution.

With regard to the second basis for revocation, it is clear that the Defendant's mere generalized admission to *viewing* pornography cannot reasonably form the basis of a new criminal prosecution either.

Accordingly, the Defendant's Fifth Amendment right against self-incrimination is not properly before the Court as a basis for suppression of said statements.

      **2.   It Is Not Necessary To Determine Whether The Potential Penalty The Defendant Suffered Amounted To Compulsion.**

Finally, because the Defendant falls so short of carrying his burden of establishing the first prong of the test (i.e., whether his admissions were self-incriminatory), it is unnecessary to address the second-prong of the test (i.e., the "compulsion" component) even for the sake of argument.

### III. Conclusion

For the reasons set forth above, the Defendant's motion to suppress his statements should be denied.

DATED:  June 23, 2008, at Honolulu, Hawaii.

                            EDWARD H. KUBO, JR.
                            United States Attorney
                            District of Hawaii


                            By /s/ Tracy A. Hino
                                TRACY A. HINO
                                Assistant U.S. Attorney

                            Attorneys for Plaintiff
                            UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses on June 23, 2008:

> **Served Electronically through CM/ECF:**
>
> Philip H. Lowenthal        phl@maui.net
> Attorney for Defendant
>     DANE P. KANESHINA
>
> **Served by hand-delivery:**
>
> JOANN S. HAMAJI
> U.S. Probation Officer
> 300 Ala Moana Boulevard, Room 2-215
> Honolulu, Hawaii  96850

DATED:  June 23, 2008, at Honolulu, Hawaii.

>                    /s/ Tracy A. Hino
>                    TRACY A. HINO
>                    Assistant U.S. Attorney